John C. Hueston, CA State Bar No. 164921
jhueston@hueston.com
Christina V. Rayburn, CA State Bar No. 255467
crayburn@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Dr., Ste 1300
Newport Beach, CA 92660
Telephone: (949) 226-6740
Facsimile: (888) 866-4825

*Attorneys for Plaintiffs Jacuzzi Brands LLC and Jacuzzi Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACUZZI BRANDS LLC and JACUZZI INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BCI ACRYLIC, INC., <br><br> Defendant. | Case No. 8:24-cv-674 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Jacuzzi Brands LLC and Jacuzzi Inc. (together, "Jacuzzi") bring this suit against BCI Acrylic, Inc. ("BCI"), and allege as follows:

**INTRODUCTION**

1.     For decades, Jacuzzi (and its related entities) has been a leading manufacturer and distributor of premium wellness products, supported by unmatched consumer awareness in hot tubs, swim spas, bath, shower, hydrotherapy, sauna, massage, steam, and related products. Founded in 1915 by seven brothers in Berkeley, California, Jacuzzi® is now a well-known, worldwide brand, known for

1 excellence and attention to detail. The company is the owner of the globally iconic Jacuzzi® trademark and is the recognized inventor of in-home hydrotherapy.

2. Jacuzzi's famous whirlpool baths were first developed in the 1960's, and are considered the first whirlpool baths designed for relaxation. Over time, Jacuzzi's products have grown in popularity and breadth. Jacuzzi now also markets and sells products such as bathtub and shower fixtures, and designer wall paneling for bathtubs and showers. Through a subsidiary, Jacuzzi also offers remodeling services to help consumers update their homes to the luxury standard for which Jacuzzi is known. Jacuzzi employs hundreds of individuals in the United States, and close to forty in this District.

3. On January 22, 2024, Jacuzzi launched a new type of designer wall paneling for bathtubs and showers: textured grout walls. Jacuzzi offers these textured grout walls, in four different designs, in addition to the multiple Premium and Signature Wall designs already offered by Jacuzzi. As part of its product launch, Jacuzzi hosted a webinar for its dealers and shipped sales samples of its textured grout product to its dealers. The webinar was hosted by Jacuzzi's Group Product Marketing Manager out of his home in Murrieta, California. In total, Jacuzzi sent 637 textured grout wall samples to its dealers.

4. On March 18, 2024, Jacuzzi received at its headquarters in Irvine, California, a letter from a lawyer for BCI. That letter claims that BCI is in possession "of a simulated tile wall manufactured and sold by" Jacuzzi. BCI's letter, dated March 5, 2024, accuses Jacuzzi of infringing U.S. Patent No. 10,144,243 (the "'243 Patent") "in connection with its shower remodeling service by using the claimed method to create its simulated tile walls." The letter further demands that "Jacuzzi immediately cease and desist all activities that infringe on the '243 Patent, including but not limited to the manufacturing [of] its simulated tile walls by using a computer-controlled material removal tool to form grout lines."

5. BCI's infringement accusation is baseless. The claims of the '243 Patent are method claims, directed to *a way* of manufacturing a simulated tile sheet for a shower wall. BCI's letter makes clear that its investigation to date has solely consisted of looking at a Jacuzzi product sample. From that sample, BCI has no way of knowing whether Jacuzzi manufactures its products according to BCI's claimed method. And indeed Jacuzzi does not.

6. Jacuzzi therefore brings this action for declaratory judgment of non-infringement in this District to seek a full and final resolution of BCI's patent infringement allegations against it.

## NATURE OF THE ACTION

7. Jacuzzi seeks a declaration that the development, manufacturing, use, sale, promotion, and related activities of its textured grout wall products, and any and all Jacuzzi products substantially similar thereto, do not infringe the '243 Patent.

## THE PARTIES

8. Plaintiff Jacuzzi Brands LLC is a Delaware company with a principal place of business at 17872 Gillette Ave, Ste. 300, Irvine, California, 92614-6573.

9. Plaintiff Jacuzzi Inc. is a corporation organized under the laws of Delaware with a principal place of business at 17872 Gillette Ave, Ste. 300, Irvine, California, 92614-6573.

10. On information and belief, defendant BCI is a corporation organized under the laws of Illinois with a principal place of business at 1800 Industrial Dr., Libertyville, Illinois, 60048.

11. BCI purports to be the owner of the '243 Patent. BCI further purports that it uses the method claimed in the '243 Patent "in conjunction with its bath renovation products and services."

## JURISDICTION AND VENUE

12. This Complaint arises under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and

2202, based upon an actual controversy between the parties with respect to the '243 Patent. As described in more detail below, an actual, justiciable, immediate and substantial controversy exists because BCI contends Jacuzzi infringes claims of the '243 patent, and Jacuzzi denies infringement.

13. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. The Court has specific personal jurisdiction over BCI because: (1) BCI has purposefully directed activities at residents of this District; (2) this request for declaratory judgment of non-infringement arises out of or relates to BCI's activities in this District; and (3) assertion of personal jurisdiction in this District is reasonable and fair.

15. BCI purposefully directs numerous activities at this District, including the following.

16. On July 17, 2020, counsel for BCI sent a cease-and-desist letter to Jacuzzi's then-headquarters in Chino Hills, California, as well as to CT Corporation in Los Angeles, California, accusing Jacuzzi of violating the Lanham Act.

17. On March 5, 2024, a different attorney for BCI sent a cease-and-desist letter accusing Jacuzzi of infringing the '243 Patent to the Chief Legal Officer of Jacuzzi at Jacuzzi's headquarters in Irvine, California. This letter appears to be part of a broader campaign that BCI has initiated to enforce the '243 patent against companies across the country. BCI has previously filed at least two cases alleging infringement of the '243 Patent. Upon information and belief, the defendants in those suits sell products in California.

18. As the basis for its infringement claims, BCI's March 5, 2024 letter referenced (and included a photo of) a sample of a tile wall allegedly "manufactured and sold by Jacuzzi Inc. and/or Jacuzzi Group Worldwide." The sample in BCI's March 5, 2024 letter is a sales sample of a new product, Jacuzzi's Textured Grout

Subway wall paneling, that Jacuzzi shipped to its customers including to a customer in Irwindale, California.

19. BCI is registered to do business in the State of California.

20. BCI maintains an expansive sales and distribution network within California and this District related to products that, upon information and belief, are covered by the '243 Patent. Specifically, BCI's March 5, 2024 letter claims that "BCI uses the method claimed in the patent in conjunction with its bath renovation products and services." On information and belief, BCI's "bath renovation products and services" are sold under multiple brands, including the brands "Bath Planet" and "Luxury Bath." Bath Planet brand products are sold by licensed dealers at a minimum of eight locations across California, including at "Bath Planet of South OC." And BCI's Luxury Bath products are also sold by dealers across California and in this District, including at "Luxury Bath of Orange County" (Irvine) and "Luxury Bath of Pacific Coast" (Valencia). On information and belief, BCI is highly engaged with its dealers, providing them trainings, advertising materials, and other assistance in the marketing and sales of BCI products, including products covered by the '243 Patent.

21. Through its licensed distributors, BCI's sales and distribution network is actively expanding within California and this District. For instance, BCI's licensed distributors maintain active postings for sales representative, brand ambassador, and installer positions on popular job search websites such as ZipRecruiter and Indeed that, upon information and belief, appear to be related to sales of products covered by the '243 Patent.

22. BCI's privacy policy includes individual requests for California customers.

23. Upon information and belief, BCI has employed a Western U.S. regional sales manager in this District for at least 12 years.

24. Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to the parties' dispute occurred within this District, including: (1) Jacuzzi resides and is headquartered in this District, in Irvine, California; (2) Jacuzzi designed and developed its accused products in this District, in its Southern California Operations center in Chino, California and at its headquarters in Irvine, California; (3) Jacuzzi undertook activities related to the marketing and advertising for its accused products in this District; (4) Jacuzzi announced the sales of the accused products in a webinar hosted in this District; (5) Jacuzzi received BCI's March 5, 2024 cease-and-desist letter at its headquarters in this District, which demanded that Jacuzzi cease and desist, *inter alia*, from selling products that are currently sold in this District; and (6) Jacuzzi's products are sold throughout California, including within this District, by Reborn, which has a showroom in Anaheim, California.

## FACTUAL BACKGROUND

### The '243 Patent

25. The '243 Patent, entitled "Method for Creating Simulated Tile Wall," states on its face that it was filed on February 18, 2016 and issued on December 4, 2018. The '243 Patent issued from U.S. Patent Application No. 15/046,864 (the "'864 Application"). A true and correct copy of the '243 Patent is attached as **Exhibit 1**.

26. In its "Abstract," the '243 Patent describes the invention as follows:

> A method of manufacturing a tile sheet for a shower wall or bath enclosure in which a user designs a tile pattern which is stored in a database. An acrylic sheet is placed on a frame and clamped in place. A computer controlled router cuts grout lines in the acrylic sheet which simulates a tile pattern. The finished sheet having the same tile pattern is cut and installed on a shower wall. Other designs can be stored in the computer and used to create different tile patterns using the same computer controlled router.

Ex. 2 at Abstract.

27. When the '864 Application was filed on February 18, 2016, the first claim in that application read as follows:

> A method of manufacturing a tile sheet for a shower wall enclosure comprising the steps of:
>
> a. designing a tile pattern and storing it digitally in a database in a computer controlled material removal tool;
>
> b. selecting a sheet of acrylic material;
>
> c. placing the sheet of acrylic material below the material removal tool;
>
> d. retrieving the stored tile pattern from the database; and
>
> e. forming the tile pattern in the sheet of acrylic material by means of the computer controlled material removal tool following the tile pattern stored in the database.

28. On February 6, 2018, the patent examiner rejected all pending claims of the '864 Application, including Claim 1, above. As to Claim 1, the examiner rejected it as invalid under 35 U.S.C. § 101 "because the claimed invention is directed to a judicial exception (i.e., a law of nature, a natural phenomenon, or an abstract idea) without significantly more." The examiner also rejected Claim 1 as invalid under 35 U.S.C. § 102, explaining that it was "anticipated" by an earlier patent, U.S. Patent Number 5,568,391 to Mckee.

29. Thereafter, BCI revised the claims of the '864 Application. As of June 4, 2018, BCI's new Claim 1 read as follows:

> A method of manufacturing a simulated tile sheet for a shower wall enclosure comprising the steps of:
>
> a. determining a first set of tile pattern characteristics comprising the steps of:
>
>  i. determining a first set of tile shapes,
>
>  ii. determining an orientation of the first set of tile shapes on the simulated tile sheet;
>
>  iii. determining a first set of tile dimensions,
>
>  iv. determining a depth of cut in the simulated tile sheet,

b. entering the first set of tile pattern characteristics into a computer and storing the first set of tile pattern characteristics digitally in a database in a computer controlled material removal tool;

c. selecting a first sheet of acrylic material based on the first set of tile pattern characteristics, the first sheet of acrylic material having a top displayed surface;

d. placing the first sheet of acrylic material below the computer controlled material removal tool;

e. retrieving the first set of tile pattern characteristics stored in the database; and

f. forming a first set of grout lines by removing from the top displayed surface of the first sheet of acrylic material by means of the computer controlled material removal tool a first predetermined amount of material based on the first set of tile pattern characteristics to create the first set of tile pattern characteristics in the first sheet of acrylic material.

30. Claim 1 later issued in that form. *See* Ex. 1 at Claim 1. All other claims of the '243 Patent depend upon Claim 1. *Id.* at Claims 2-7.

### **Jacuzzi's Product Launch and BCI's Cease-and-Desist Letter**

31. On January 22, 2024, Jacuzzi launched a new type of designer wall paneling for bathtubs and showers: textured grout walls.

32. On March 5, 2024, an attorney sent a letter to Jacuzzi on behalf of BCI. Jacuzzi received that letter via certified mail on March 18, 2024. A true and correct copy of that letter is attached hereto as **Exhibit 2**. The letter is addressed to Jacuzzi's headquarters in Irvine, which is a city in this District. Ex. 2 at 1.

33. In that letter, BCI claimed to be the "owner of United States Patent No. 10,144,243," and attached a copy of the patent. *Id.* at 1; *see also id.* at Ex. A.

34. In the letter, BCI further stated that it was "in receipt of a sample of a simulated tile wall manufactured and sold" by Jacuzzi, "as well as the advertisement attached hereto as Exhibit B." Ex. 2 at 1. The advertisement attached to the letter

depicts Jacuzzi's Textured Grout Subway shower wall paneling. *See id.* at Ex. B. Activities relating to this advertising occurred in this District.

35. BCI's letter further stated that the materials it had reviewed "indicate that Jacuzzi is infringing the '243 Patent in connection with its shower remodeling service by using the claimed method to create its simulated tile walls." Ex. 2 at 1.

36. BCI then "demand[ed] that Jacuzzi immediately cease and desist all activities that infringe on the '243 Patent, including but not limited to the manufacturing [of] its simulated tile walls by using a computer-controlled material removal tool to form grout lines." *Id.*

37. BCI's letter demanded "a written response within 14 calendar days indicating that Jacuzzi will cease and desist its infringing activities." *Id.*

### Jacuzzi Does Not Infringe The '243 Patent

38. Jacuzzi's method of manufacturing its textured grout wall paneling products does not infringe the '243 Patent. At the very least, Jacuzzi's method of manufacturing does not involve "selecting a first sheet of acrylic material based on [a] first set of tile pattern characteristics." Jacuzzi's selection of sheets of acrylic material is not based on any "tile pattern characteristics," but instead is based simply on the size of acrylic sheet needed for the bathroom installation. Accordingly, Jacuzzi seeks a judicial declaration that it does not directly or indirectly infringe any claim of the '243 Patent, literally or under the doctrine of equivalents.

39. An actual and justiciable controversy exists between Jacuzzi and BCI regarding Jacuzzi's non-infringement of the '243 Patent. BCI has accused Jacuzzi of infringing the '243 Patent by "using the claimed method to create its simulated tile walls," and Jacuzzi maintains that the creation of its simulated tile walls does not infringe the '243 Patent.

### FIRST CAUSE OF ACTION
### Declaratory Judgment of Non-Infringement of the '243 Patent

40. Jacuzzi hereby incorporates by reference its allegations contained in

paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41.  Jacuzzi does not directly, contributorily, or by inducement, infringe any claims of the '243 Patent, either literally or under the doctrine of equivalents.

42.  The manufacture, importation, use, sale, or offer for sale of Jacuzzi's textured grout wall paneling products does not directly infringe, contributorily infringe, or induce infringement of any claims of the '243 Patent, either literally or under the doctrine of equivalents.

43.  As set forth above, an actual controversy exists between Jacuzzi and BCI concerning Jacuzzi's non-infringement of the '243 Patent.  Absent a declaration of non-infringement, BCI will continue to wrongfully assert the '243 Patent against Jacuzzi, in violation of the laws and contrary to public policy, and will thereby cause Jacuzzi injury and damage.  A judicial determination is necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations with respect to the '243 Patent and any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of the Jacuzzi's textured grout products.

44.  Accordingly, Jacuzzi seeks and is entitled to a judgment against BCI that Jacuzzi's textured grout products, as well as any other Jacuzzi products that are not colorably different therefrom, have not infringed and do not infringe (directly, indirectly, contributorily, or by inducement) any claim of the '243 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Jacuzzi requests the following relief:

1.  A judgment and declaration that Jacuzzi has not infringed and does not infringe, either directly or indirectly, any claim of the '243 Patent;

2.  A permanent injunction against BCI and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with BCI from alleging infringement or instituting any legal action for infringement of the '243 Patent or any related patents against Jacuzzi or anyone acting in privity with

Jacuzzi, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors, integrators, and customers of Jacuzzi, for alleged infringement relating to Jacuzzi's textured grout products, or products not colorably different therefrom;

    3.    A judgment and declaration that this action is an exceptional case and awarding Jacuzzi reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

    4.    A judgment for such other and further relief in law or equity as this Court deems just or proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Jacuzzi hereby demands a trial by jury on all issues so triable.

Dated: March 28, 2024        HUESTON HENNIGAN LLP

By: */s/ John C. Hueston*
John C. Hueston
jhueston@hueston.com
Christina V. Rayburn
crayburn@hueston.com
HUESTON HENNIGAN LLP
620 Newport Center Dr., Ste 1300
Newport Beach, CA 92660
Telephone:   (949) 226-6740
Facsimile:   (888) 775-0898

*Attorneys for Plaintiffs*
*JACUZZI BRANDS LLC and*
*JACUZZI INC.*